[No. 43667-8-I. Division One. March 3, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY LEWIS WREN, JR., *Defendant*, CHRISTINE[†] RENEE DELGARDO, *Appellant*.

---

[†] The true and correct spelling, "Christina," will be used in this opinion.

*David L. Donnan* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Lisa N. O'Toole* and *James M. Whisman, Deputies*, for respondent.

AGID, J. — Christina Delgardo appeals her conviction of delivery of heroin. She contends that the accomplice instruction erroneously allowed the jury to convict her for any crime, rather than the crime charged, and that the evidence was insufficient to support the conviction. We conclude that the error in the accomplice instruction was harmless and the evidence supported the conviction, and affirm.

## FACTS

Ella Elias was an undercover buy officer during a Seattle Police Department buy-bust operation. She saw Henry Lewis Wren, Jr., apparently conducting a drug purchase, with Christina Delgardo standing nearby. Elias made eye contact with Wren and said "black," meaning black tar heroin. Wren asked if she wanted to buy black and she said yes. Wren put a small bindle on top of a parking lot pay box. Elias took the bindle and started to hand the money to Wren. He told Elias to give the money to Delgardo, and she did. Elias gave a good buy sign, and Wren and Delgardo were arrested. An officer discovered a small amount of heroin on Delgardo's person.

Wren and Delgardo were charged with one count of delivery of heroin, and Delgardo was also charged with one count of possession of heroin. Delgardo was tried separately and was convicted of both counts. She received a sentence under the Drug Offender Sentencing Alternative (DOSA).

## DISCUSSION

 Delgardo contends the trial court erred in giving an accomplice instruction that has been held invalid by the Washington Supreme Court.[1] In finding the instruction erroneous, the Court held that "[t]he fact that a purported accomplice knows that the principal intends to commit ' "a crime" ' does not necessarily mean that accomplice liability attaches for any and all offenses ultimately committed by

---

[1] The instruction included the following:

A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not. A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of a crime, he or she either:

(1) solicits, commands, encourages, or requests another person to commit the crime; or

(2) aids or agrees to aid another person in planning or committing a crime.

the principal."[2] While an accomplice need not have specific knowledge of every element of the principal's crime, he must have general knowledge of that crime.[3]

In *State v. Brown*,[4] our Supreme Court considered whether the erroneous accomplice liability instruction may constitute harmless error. The Court noted that in *Roberts* and *Cronin*,[5] it found that the same erroneous accomplice liability instruction was not harmless. The Court adopted the reasoning of the United States Supreme Court that,

> "[u]nlike such defects as the complete deprivation of counsel or trial before a biased judge, an instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence."[6]

In addition, the Court stated that, "[i]n order to hold the error harmless, we must 'conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error,'"[7] and noted that the appellate court "must thoroughly examine the record" in making this determination.[8] Although the Court did not find it necessary to look further than the evidence in its examination of the record, we do not read *Brown* as signaling a departure from the Court's prior employment of a more extensive examination of the record in this situation.[9]

After thoroughly reviewing the record, we conclude that the error was harmless in this case. The prosecutor never implied that the jury could convict Delgardo of delivery as an accomplice based on her possession of heroin as a

---

[2] *State v. Cronin*, 142 Wn.2d 568, 579, 14 P.3d 752 (2000) (citing *State v. Roberts*, 142 Wn.2d 471, 513, 14 P.3d 713 (2000)).

[3] *Roberts*, 142 Wn.2d at 512-13.

[4] 147 Wn.2d 330, 58 P.3d 889 (2002).

[5] *State v. Cronin*, 142 Wn.2d 568, 579, 14 P.3d 752 (2000).

[6] *Brown*, 147 Wn.2d at 340 (quoting *Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)).

[7] *Brown*, 147 Wn.2d at 341 (quoting *Neder*, 527 U.S. at 19).

[8] *Brown*, 147 Wn.2d at 341.

[9] *See Cronin*, 142 Wn.2d 568.

principal. During closing argument, the prosecutor stated that Delgardo was guilty of possession and that "[t]he second charge against Ms. Delgardo, which you must decide separately," was the delivery charge. The prosecutor further stated that

> "if Ms. Delgardo's presence taking that money assisted Defendant Wrenn [sic] in making this transaction, then she is an accomplice".

The prosecutor thus limited consideration of accomplice liability to the crime of delivery, and we conclude beyond a reasonable doubt that the jury relied only on the delivery charge to find Delgardo guilty as an accomplice. And the instruction stated that an accomplice "aids or agrees to aid another person" or "solicits, commands, encourages, or requests another person to commit the crime." Because Delgardo committed the possession acting alone, not with another person, the possession did not constitute "a crime" committed by another person under the accomplice instruction.

Delgardo also contends that application of harmless error analysis is inappropriate under the Washington Constitution. This argument is controlled by our decision in *Stovall*,[10] finding no need to undertake a state constitutional analysis because our Supreme Court adopted the United States Supreme Court's approach in *Neder*.[11]

The evidence is sufficient to support the jury's verdict of guilt. Several officers testified that Delgardo was within a short distance of Wren throughout the transaction; that Delgardo was standing next to Officer Elias and took the money after Wren told Officer Elias to give it to her; and that the $20 of marked police department buy money was found on Delgardo after her arrest. This evidence amply supports the verdict that Delgardo was guilty as an accomplice of delivery of heroin.

---

[10] *State v. Stovall*, 115 Wn. App. 650, 63 P.3d 192 (2003).

[11] *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L.Ed. 2d 35 (1999).

## CONCLUSION

Affirmed.

BAKER and APPELWICK, JJ., concur.

Review denied at 150 Wn.2d 1006 (2003).